IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BEVERLY HART, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　　／ | No. C 09-80045 SI<br>Related Case: No. C 09-80039 MISC SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP** |

Plaintiff has filed an application for leave to proceed *in forma pauperis* ("IFP"), evidently on appeal.

IFP applications are reviewed under a two-part analysis under 28 U.S.C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties,*

*Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

For the reasons set forth in this Court's prior orders, this Court finds that plaintiff's appeal is without merit. Accordingly, plaintiff's application to proceed IFP is DENIED. The Clerk shall forward to the court of appeals the case file with this order. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: April 7, 2009

SUSAN ILLSTON
United States District Judge

2